UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| EVERETT DARONE SIMPSON, | ) |
| Petitioner, | ) Civil Action No. 5:10-CV-11-JMH |
| v. | ) |
| JOHN MOTLEY, Warden, | ) **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on the Report and Recommendation of Magistrate Judge Edward B. Atkins [DE # 14]. Said action was referred to the magistrate judge for the purpose of reviewing the merits of Petitioner's Petition for a Writ of Habeas Corpus [DE # 1] pursuant to 28 U.S.C. § 2254, challenging his conviction in a Kentucky state court. The Respondent filed a Response to Petition for Writ of Habeas Corpus [DE # 6], in which he argued that the Petition should be dismissed based on the applicable statute of limitations. In his Report and Recommendation, Magistrate Judge Atkins recommends that the Petition for Writ of Habeas Corpus should be dismissed as untimely. Petitioner has filed an objection to the Report and Recommendation [DE # 16]. For the reasons which follow, the Court accepts the Report and Recommendation, and the Petition shall be dismissed.

**I.   Background**

Petitioner Simpson was convicted of five counts of First Degree Robbery following a jury trial in Fayette Circuit Court. Judgment was

entered against Petitioner on July 5, 2000, although the judgment was not signed by the trial judge until July 7, 2000. An amended judgment was entered on July 11, 2000, sentencing Petitioner to a total of forty (40) years imprisonment. Petitioner appealed and, ultimately, his conviction was affirmed by the Kentucky Supreme Court on June 14, 2001. Petitioner was then granted two requests for an extension of time to file a petition for rehearing, including a "final extension" of time until August 28, 2001. He never filed a petition for rehearing nor did he file a petition for a writ of certiorari with the United States Supreme Court.

On March 27, 2003, he filed a motion to vacate pursuant to Ky. Cr. R. 11.42, which was ultimately denied sometime in 2005. In January 2008, he filed an action styled as a petition for writ of habeas corpus in Oldham Circuit Court. The petition was denied, and the Kentucky Court of Appeals affirmed the denial on March 12, 2009. The Kentucky Supreme Court denied Petitioner's request for discretionary review in September 2009. Petitioner filed the present Petition for Writ of Habeas Corpus on January 13, 2010.

**II. ANALYSIS**

    **A.   Report and Recommendation Was Not Premature**

Considering Simpson's Objections in the most logical order, the Court notes first that he objects to the Report and Recommendation on the grounds that the Magistrate Judge did not ultimately require the Respondent to file a memorandum addressing the merits of Simpson's Petition as ordered by the Court on January 14, 2010. According to

Simpson, the Magistrate Judge's Report and Recommendation is, thus, premature. The Court disagrees. As the applicable statute of limitations bars further consideration of Simpson's Petition, the Magistrate Judge properly considered Respondent's argument concerning same without requiring additional briefing on the substantive merits of Simpson's Petition. The Magistrate Judge did not act prematurely in issuing the Report and Recommendation, and the Court will proceed to consider it in light of Simpson's other objections.

**B. Expiration of AEDPA Statute of Limitations**

Simpson's petition was filed after the April 24, 1996, enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA), and, thus, pursuant to 28 U.S.C. § 2244(d)(1), a one-year statute of limitations applies to his application for a writ of habeas corpus, and that time began to run on "the date on which the judgment became final by "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." In calculating the limitations period, the time during which a properly filed application for post-conviction relief or other collateral review is pending in a state court is not counted. 28 U.S.C. § 2244(d)(2).

As set out in the clear and well-articulated Report and Recommendation of the Magistrate Judge, the Kentucky Supreme Court's decision in Simpson's case became final, at the latest, on August 28, 2001. *See* Ky. R. Civ. P. 76.32(2); Ky. R. Crim. P. 12.02. Direct review concludes when the time expires for filing a petition for writ of certiorari with the United States Supreme Court, ninety (90) days after

the Kentucky Supreme Court's decision became final, i.e., November 26, 2001. Sup. Ct. R. 13(1)-(3). Petitioner did not file a petition for a writ of certiorari, and the statute of limitations under § 2244(d)(1)(A) began to run on November 27, 2001, *see* Fed. R. Civ. P. 6(a), expiring on November 27, 2002. Although Petitioner did file motions for post-conviction or collateral review, he did not do so until March 27, 2003, long after the statute of limitations had expired. Such a filing, filed after the expiration of the statute of limitations, does not toll or avoid the statute of limitations. *See Vrorman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Rather, it is too little, too late, with respect to its impact on the AEDPA statute of limitations.

In his Objections, Petitioner does not fault the analysis set forth by the Magistrate Judge except to argue that it is without merit because the AEDPA statute of limitations never began to run.[1] This curious argument hinges on Simpson's assertion that the statute of limitations is triggered by the finality of a "valid and thus appealable judgment" and that the judgment in his case was not valid. [DE 16 at 2.] Simpson contends that the judgment entered in his case was not signed and entered in keeping with Ky. R. Civ. P. 58(1) because the presiding judge dated the order of judgment by writing July 7, 2000, but the court clerk

---

[1] In addition to the argument that he never asked for equitable tolling to apply in this matter, Simpson offers much the same objection with respect to the Magistrate Judge's recommendation that the Court conclude that equitable tolling does not apply to toll the AEDPA statute of limitations in this matter. His argument fails in that respect, as well, for the reasons set forth above.

date-stamped the judgment, indicating entry of the order in the record, on July 5, 2000. [*See* DE # 1.] In his Objections, he offers no explanation for why he believes that the judgment and the amended judgment are "invalid and thus void" for failure to meet with the requirements of Ky. R. Civ. P. 58(1) except for his conclusory assertion of their invalidity. [DE 16 at 5.] More to the point, he does not assert that the judgment was not signed prior to entry by the Court Clerk, which is required by Ky. Civ. R. 58(1) or that he was prejudiced in any way with respect to seeking relief from the judgment of conviction by virtue of the discrepancy of the date written on the judgment by the judge and the date stamped by the Court Clerk.

Having carefully considered this objection, the Court concludes that it is without merit and will accept and adopt the reasoning set forth in the Magistrate Judge's Report and Recommendation as its own for the reasons stated above. Simpson's Petition for a Writ of Habeas Corpus shall be denied.

**C. No Certificate of Appealability to Issue**

The Court also considers whether a certificate of appealability should issue in this matter. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a certificate to issue, Petitioner must be able to show that reasonable jurists could find in his favor, and the "question is the debatability of the underlying federal constitutional claim, not the resolution of

that debate." *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003).

Having carefully considered the matter, this Court concludes that an appeal would not taken in good faith in this matter as Petitioner cannot make a substantial showing of the denial of a constitutional right.

Accordingly, **IT IS ORDERED:**

(1) that the Report and Recommendation of the Magistrate Judge [DE # 14] is **ACCEPTED** and **ADOPTED** as the Court's own;

(2) that Simpson's Petition for Writ of Habeas Corpus [DE # 1] shall be **DENIED**;

(3) that no certificate of appealability shall issue from this Court.

This is the 3rd day of September, 2010.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge